UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:07CV64-J

NANCY A. ROBERTSON                                                        PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                       DEFENDANT

## **MEMORANDUM OPINION**

Before the Court are the Commissioner's objections to Magistrate Judge E. Robert Goebel's Findings of Fact, Conclusions of Law, and Recommendation that the case be remanded for further proceedings. The claimant has filed a timely response. After reviewing the materials of record and arguments of the parties, the Court finds that remand for further consideration is necessary.

Ms. Robertson filed applications for Disability Insurance and Supplemental Security Income Benefits alleging that she became disabled by arthritis, back and leg pain, Crohn's disease, stomach cramps, diarrhea, asthma, migraines, manic depression, anxiety, hallucinations and paranoia (Tr. 17, 50, 55). On July 26, 2004 Administrative Law Judge Michael J. Nichols ("ALJ") conducted a hearing after which he rendered a decision finding plaintiff capable of returning to the workforce to low stress, simple tasks at the light exertion level and requiring no interaction with the general public and little interaction with co-workers and supervisors (Tr. 24).

At issue in this case is the ALJ's treatment of the disabling opinions rendered by both the claimant's treating psychiatrist and therapist at LifeSkills. The Magistrate Judge determined that the ALJ failed to give proper consideration to the opinion evidence from the treating psychiatrist, that he improperly discounted the GAF scores assessed by the treating psychiatrist and therapist, and

he gave undue preference to the opinions of the state agency consultative examiner and the non-examining consultants.

Claimant has received psychiatric treatment at LifeSkills from therapist Michael Pasley, M.A., L.P.P., L.P.C.C. and psychiatrist Stephen Montgomery, MD. The records indicate an initial psychiatric evaluation by Dr. Montgomery as early as July of 1999, but the more relevant treatment records of record are from the period of October 2002 to July 2004. On July 30, 2004, Dr. Montgomery adopted the medical assessment of ability to do work-related mental activities opinions as previously set forth by Michael Pasley.

The pertinent opinions indicate that the claimant has only fair ability to follow work rules, related to co-workers, use judgment, and function independently; she has poor to no ability to deal with the public, interact with supervisors, and deal with work stress. These limitations were based upon plaintiff's "depressive symptoms and decreased interest/energy/concentration/sleep, crying spells, worthlessness, hopelessness, anxiety, worry" which preclude adequate adjustment (Tr. 526). She has poor to none ability to understand, remember and carry out complex job instructions and detailed but not complex job instructions. Her ability to understand, remember and carry out simple job instructions is fair. Her ability to behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability is poor to none, with her ability to maintain personal appearance is fair (Tr. 527).

In his Decision, the ALJ determined that these opinions from Mr. Pasley and Dr. Montgomery are neither entitled to controlling weight nor any weight whatsoever. His bases for discounting the opinions were that they are inconsistent with the treatment records and the level of treatment received stating, "Although significant limitations were endorsed first by the claimant's

therapist and then later by her psychiatrist, such are not consistent with the clinical findings contained in the treatment records or the level of treatment Ms. Robertson has received. She has not required any psychiatric hospitalization or crisis intervention. Her psychotropic drug regimen is rather routine." (Tr. 23.) The Magistrate Judge determined that the ALJ's stated reasons for rejection of the psychiatric opinions lack support in the record, and that the ALJ impermissibly substituted his own views for the uncontroverted medical opinion of the treating psychiatrist. We agree. Despite his assertions to the contrary, the ALJ is not permitted to "play doctor."[1]

In sum, the ALJ erroneously discounted the opinion of the treating psychiatrist, and instead accepted and adopted the functional opinions of the non-examining state agency psychological consultants. As aptly noted by the Magistrate Judge, the consultative psychological examiner and the state agency psychological consultants (whose opinions were relied upon by the ALJ) did not address the treatment records from LifeSkills, the functional opinions of Dr. Montgomery, or the GAF ratings in those treatment records. These errors require remand for proper consideration of the psychiatric evidence.

An Order in conformity has this day entered.

---

[1] The ALJ stated in the July 26, 2004 hearing as follows, "I'm not a doctor, but I play one here in the courtroom." Tr. 725, line 6.