UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:07CV64-M

NANCY A. ROBERTSON                                                          PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                             DEFENDANT

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

Before the court is plaintiff's Motion for Award of Attorney's Fee under 42 U.S.C. §406(b) (DN 34) wherein counsel seeks $9,900.00 for services rendered in the federal court in pursuit of plaintiff's social security claim.[1] An order granting the plaintiff's motion for attorney's fees was inadvertently entered on December 17, 2010, by Senior Judge Edward H. Johnstone, before the Commissioner's time to respond or object had expired. On December 21, 2010, the Commissioner filed an objection to the plaintiff's motion for fees (DN 36), and soon thereafter filed on January 7, 2011, a motion pursuant to Rule 59(e) to alter or amend the December 17, 2010, Judgment awarding fees to plaintiff (DN 38). On January 7, 2011, Judge Johnstone entered an Order (DN 39) vacating the award of attorneys fees to the plaintiff and referring both the plaintiff's motion for attorneys fees

---

[1] Plaintiff's counsel has filed 17 pages of time entry records which indicate that the plaintiff initially approached the Burchett Law Firm in 2002 for representation in her social security claim (DN 43-1). While the 2002 claims were pursued on appeal, new applications were filed on June 12, 2007. After the Appeal's Counsel denied the 2002 claims, judicial review was sought in this court. Ultimately, counsel was successful in obtaining a remand under "sentence four" of 42 U.S.C. Section 405(g) for a new decision. That remand order was entered on March 7, 2008. Despite her success in obtaining a remand, this court determined that an award of EAJA attorney's fees was not warranted (DN 32). On remand, the plaintiff's 2002 and 2007 applications were consolidated and a fully favorable decision was rendered by an ALJ on March 4, 2009 (DN 36-1), with disability beginning on December 1, 2001, the date originally alleged in the initial application.

and the defendant's motion to alter or amend the award of attorneys fees to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

On March 10, 2011, the undersigned entered an Order (DN 42) allowing the plaintiff to file a petition for attorney's fees which fully complies with Joint Local Rule 83.11(d), and instructing the Commissioner to respond to any such filing in full compliance with that rule. On April 7, 2011, the plaintiff filed an Amended Motion for Attorney's Fees (DN 43) and a Motion to Compel the Commissioner to rule upon requests for reconsideration pending before the Social Security Administration (DN 44). The Commissioner has filed a Response to Plaintiff's Amended Motion for Fees (DN 46) and a Response and Motion to Dismiss Plaintiff's Motion to Compel Ruling (DN 47). The plaintiff has in turn filed replies (DN 48, 49). These matters are now ripe for review.

As will be more fully explained below, the undersigned recommends that the district court: 1) find that – for purposes of this case and all future cases involving 42 U.S.C. §406(b) fee requests – the "final favorable decision" language contained in our Joint Local Rule 83.11(d) contemplates the date on which plaintiff's counsel receives all Notices of Award which contain the accurate and final calculation of past-due benefits to the primary and, if applicable, auxiliary beneficiaries; 2) deny without prejudice the Motion for Attorney's Fees as amended (DN 34, 43) as premature; 3) order the Commissioner to file a status report within 30 days, and every 60 days thereafter, advising the court of the status of the auxiliary benefits pending before the Social Security Administration until all Notices of Benefits have been provided to plaintiff's counsel; 4) deny plaintiff's Motion to Compel Ruling and Furnish Notices (DN 44) for lack of subject-matter jurisdiction; and 5) provide that the plaintiff's counsel may re-file her petition for a §406(b) fee within 30 days of her receipt of the "final favorable decision" of the Commissioner as defined herein.

## ANALYSIS

Counsel for plaintiff seeks $9,900.00 in 42 U.S.C. §406(b) fees for work she performed in this court on behalf of her client. Counsel has produced a contingency fee agreement executed by the plaintiff wherein the plaintiff agrees that payment for services performed in federal court will be equal to 25% of all past-due benefits awarded (DN 34-5). Counsel has also submitted time sheet records reflecting some 37 hours spent working on plaintiff's case while it was pending in this court. Counsel further represents that the hourly rate for representation in her geographical area is $135.00 per hour, and that the past-due benefits due her client and children total $84,014.00, 25% of which would result in an attorney's fee of $21,003.50 (DN 34-6). The Commissioner argues that the request for attorneys fees should be outright denied, as it was untimely filed under Joint Local Rule 83.11(d)(2).

Counsel for plaintiff concedes that the March 4, 2009, decision on remand was a "favorable decision" for the plaintiff, but was not the *final* favorable decision (DN 37-1) for purposes of the application of our Joint Local Rule 83.11(d). Specifically, counsel notes that there were remaining issues to resolve regarding the SSI requirements; the insured status for receipt of DIB benefits; and issues of parentage, age and support requirements for the payment of auxiliary benefits to the plaintiff's biological children (DN 37-1, page 2). The Notices of Award for both Ms. Robertson and each of her three biological children contained errors which required that requests for reconsideration be filed with the Social Security Administration.

While Ms. Robertson's request for reconsideration resulted in a Corrected Notice of Award, the requests for reconsideration on each of her three children's auxiliary benefits are still pending before the Social Security Administration after some 20 months (See DN 44, Motion to Compel

Ruling and Furnish Notices). The Commissioner concedes that there remains outstanding the issue of calculation of the past-due auxiliary benefits accruing to plaintiff's children, noting, " . . . the Commissioner has not yet completed calculation of the past-due auxiliary benefits accruing to Plaintiff's children . . . . ." (DN 46, page 3), and asks this court to "stay any proceedings regarding payment until the Agency completes calculation of Plaintiff's past-due benefits." (DN 46, p. 1) Nonetheless, acting as a "trustee" for the plaintiff, the Commissioner contends that the request for attorneys fees should be outright denied, as it was untimely filed under Joint Local Rule 83.11(d)(2).

## Is the §406(b) fee petition timely?[2]

The issue of timeliness of filing a petition for approval of a §406(b) attorney's fee is a tricky one for practitioners, and the deadlines and procedures vary greatly from circuit to circuit, and even

---

[2]In order to aid the district court's review, the following time-line of relevant dates in this fee dispute is provided:

| Date | Event |
|---|---|
| 03/07/08 | District Court remands case to SSA with instructions for further consideration. |
| 03/04/09 | Favorable Notice of Decision on remand issued by ALJ Nichols. |
| 05/03/09 | Favorable Notice of Decision becomes final. |
| 05/06/09 | Notice of Award issued for Ms. Robertson containing wrong start date; reconsideration requested by attorney Burchett-Bower. |
| 07/29/09 | Corrected Notice of Award issued for Ms. Robertson containing correct start date. |
| 07/04/09 | Auxiliary Notice of Award issued for Stephen Robertson – contains wrong start date. |
| 07/13/09 | Auxiliary Notice of Award issued for Emily Robertson – contains wrong start date. |
| 09/09/09 | Auxiliary Notice of Award issued for Christopher Robertson – contains wrong start date. |
| 09/30/09 | Requests for Reconsideration filed by attorney Burchett-Bower as to each of auxiliary beneficiaries to correct wrong start date. As of the date of counsel's most recent filing, these requests for reconsideration remain unresolved. |
| 11/19/10 | Status Report filed by plaintiff's counsel in this court. |
| 11/29/10 | Motion for Attorney Fee Under 42 U.S.C. Section 406(b) filed in this court. |

4

district to district.[3] The Social Security Act provision itself does not contain an expressed time limit for filing a petition under 42 U.S.C. §406(b) for attorney's fees for services rendered at the judicial level:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. §406(b)(1)(A)

The Eastern and Western District have adopted joint local rules which attempt to address the time for filing a §406(b) petition for fees. Joint Local Rule 83.11(d) provides:

> **Attorney's Fees Petitions Under Social Security Act**. Plaintiff's counsel may petition for attorney's fees, awardable under §206(b) of the Social Security Act, 42 U.S.C. §406(b), within thirty (30) days of a *final favorable decision* for plaintiff.
>
> (1)  **Petition**. The attorney's fee petition must include an itemization of the services provided in both the administrative and the judicial proceedings. Plaintiff's counsel must serve a copy of the fee petition on the claimant and the United States Attorney.
>
> (2)  **Response by the Claimant**. The United States Attorney must respond to the attorney's fee petition within thirty (30) days of the petition's filing. The government's response must include a statement of accrued benefits and must advise the Court whether the government considers the fee to be reasonable. The government must serve a copy of the response on the claimant and the petitioning attorney. The claimant may respond to the attorney's fee petition within thirty (30) days of the petition's filing.
>
> (Italics added.)

---

[3]In *Bentley v. Commissioner*, 524 F.Supp.2d 921 (WDMI 2007), our colleagues in Michigan lamented the lack of guidance from the Sixth Circuit on the timing of 406(b) fee petitions and noted a variety of approaches taken in other jurisdictions before holding that denial of a fee petition on the basis that it was untimely would be exceedingly harsh and would not further the 406(b) policy goals of encouraging representation of Social Security claimants. The court utilized equitable tolling to determine that counsel's fee petition should be deemed timely.

Thus, the preliminary question in the instant case is whether counsel's motion seeking attorney's fees is untimely under Joint Local Rule 83.11(d) which sets forth a 30 day time period for filing such a petition after a "final favorable decision" for the plaintiff. An interpretation problem arises with applying our Joint Local Rule 83.11(d) and its "final favorable decision" language. The undersigned has conducted an exhaustive Westlaw search, and has found no authority, in this or any other district, construing the words "final favorable decision" as contained in our joint local rule. Thus, it would appear that this is a case of first impression requiring this court to interpret the meaning of "final favorable decision."

Many courts have focused on the date of the Commissioner's Notice of Favorable Decision for purposes of applying either Fed.R.Civ.P. 54 or local rule time limits on §406(b) fee motions. That is the position that the Commissioner takes in the present case; i.e., counsel's fee petition should have been filed within 30 days of the March 4, 2009 Notice of Favorable Decision's finality (90 days from March 4, 2009). The difficulty with an approach that commences the time to file a §406(b) motion for fee from the Notice of Favorable Decision is that there has not yet been a calculation of past-due benefits necessary for calculating the statute's maximum fee award of 25%. It is the Notice of Award – not the Notice of Favorable Decision – which typically contains the calculation of past-due benefits, and indicates the amount of fees withheld by the Agency for attorney's fees.

Requiring attorneys to file §406(b) fee petitions before past-due benefits have been calculated by the Commissioner (that is, before the Notice of Award) would result in the filing of premature motions before this court. In fact, some district courts have held that it is premature for counsel to file a §406(b) petition for fee for work performed at the judicial level until the Social

Security Administration has calculated the amount of past-due benefits. See for example *Mara v. Sullivan*, 721 F.Supp. 520 (SDNY 1989). Furthermore, the language of §406(b) appears to contemplate the calculation of past-due benefits as a prerequisite to the filing of such a motion in order that the court may know whether the requested fee exceeds the statutory maximum of 25%. While not specific on the issue, our Joint Local Rule 83.11(d) also appears to contemplate the calculation of past-due benefits by the Commissioner as a prerequisite to an award of fees, as subsection (2) requires the Commissioner to file a statement of accrued benefits in response to a §406(b) fee petition.

Of additional import to the timeliness analysis of §406(b) fee petitions is the fact that the term "past-due benefits" is defined generally to mean the total amount of benefits payable under Title II of the Social Security Act to the claimant *and* any auxiliary beneficiaries that has accumulated because of a favorable administrative or judicial determination, POMS § GN 03920.075(A) (emphasis added). In addition, the United States Supreme Court has held that the twenty-five percent ceiling for attorney's fees payable out of a claimant's past-due benefits under §406(b) of the Social Security Act is not limited to the past-due benefits received by the claimant alone, but is to be computed on past-due benefits received by the claimant and the other dependent members of the family by virtue of the claimant's disability, *Hopkins v. Cohen*, 390 U.S. 530, 88 S.Ct. 1146, 20 L.Ed.2d 87 (1968).

Accordingly, the undersigned recommends that the district court interpret "final favorable decision" as contained in our Joint Local Rule 83.11(d) to mean that a §406(b) fee petition will be deemed timely if filed within 30 days of the date that the petitioning attorney receives all Notices of Award which contain the accurate and final calculation of past-due benefits to the primary and,

7

if applicable, auxiliary beneficiaries. Without the information contained in these Notices of Award, any petition for attorney's fees pursuant to §406(b) cannot be considered and a reasonable fee within the limitations set forth in §406(b) cannot be calculated.

### **Can the district court compel the Social Security Administration to act?**

Counsel has filed a Motion to Compel Ruling and Furnish Notices (DN 46), seeking an order from this court to compel the Social Security Administration to issue the corrected Notices of Award for each of Ms. Robertson's three children. These auxiliary benefit awards were the subject of a request for reconsideration by plaintiff's counsel which has been pending before the agency for some 20 months. The Commissioner has objected to the plaintiff's Motion on the basis that this court lacks the subject-matter jurisdiction to compel the Social Security Administration to perform its duty. In his objection, the Commissioner concedes that the total calculation of past-due benefits has not yet been completed by the Social Security Administration; accordingly, there has not been a "final decision" on plaintiff's auxiliary benefits (DN 47, p. 4). Because this fee dispute is not a "final decision" over which this court has jurisdiction by virtue of 42 U.S.C. §405(g), the undersigned agrees that the district court lacks jurisdiction to compel the Social Security Administration to issue the auxiliary benefits notices. Thus, both counsel and the court are left to wait patiently for the Social Security Administration to calculate the past-due auxiliary benefits due in this case.

### **What is the "best evidence" of past-due benefits?**

Counsel for plaintiff points out – and the undersigned agrees – that the Commissioner's statement of accrued benefits in response to Joint Local Rule 83.11(d)(2) appears to be in error. Specifically, the Commissioner's Response to the amended fees petition states, "As of April 28,

2011, Plaintiff has accrued $64,415.80 in total past-due benefits, including auxiliary benefits for her children . . . ." (DN 46, p. 1) The information included in the Agency-generated ER-PIA statement (DN 48-2, p. 2) covers the dates of May 2002 thru April of 2009 only and appears to indicate past-due benefits in excess of $62,000.00 for Ms. Robertson alone. (Using the family maximum numbers contained in the ER-PIA for calculation, benefits payable from May 2002, thru April of 2009, total in excess of $86,000.00.) However, the best evidence of past-due benefits – and the only evidence which should be accepted for §406(b) purposes – is the information contained in final and accurate Notices of Award issued by the Commissioner. In a separate order entered contemporaneously with this Report and Recommendation, the undersigned has requested that the parties file with the court any and all Notices of Award issued by the Social Security Administration in this case.

Based upon the undersigned's interpretation of "final favorable decision" contained in Joint Local Rule 83.11(d), the court cannot properly consider a §406(b) fee petition until such time as the court has the accurate and final calculation of past-due benefits due to both the claimant and her auxiliary beneficiaries.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court:

1) Find that – for purposes of this case and all future cases involving 42 U.S.C. §406(b) fee requests – the "final favorable decision" language contained in our Joint Local Rule 83.11(d) contemplates the date on which plaintiff's counsel receives all Notices of Award which contain the accurate and final calculation of past due benefits to the primary and, if applicable, auxiliary beneficiaries;

2) Deny without prejudice the Motion for Attorney's Fees as amended (DN 34, 43) as premature;

3) Order the Commissioner to file a status report within 30 days of this order and every 60 days thereafter, advising the court of the status of the auxiliary benefits pending before the Social Security Administration, until all Notices of Award have been provided to plaintiff's counsel;

4) Deny the plaintiff's Motion to Compel Ruling and Furnish Notices (DN 44) for lack of subject-matter jurisdiction; and

5) Provide that the plaintiff's counsel may re-file her petition for a §406(b) fee within 30 days of her receipt of the "final favorable decision" of the Commissioner as defined herein.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, any party shall have a period of fourteen (14) days from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within fourteen (14) days after being served with a copy of said objections. A period of three days shall be added to each fourteen (14) day period above pursuant to Fed.R.Civ.P. 6(d), for a total of seventeen (17) days.

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah KY 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).