# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:07CV-00064-JHM

NANCY A. ROBERTSON                                                                PLAINTIFF

V.

MICHAEL J. ASTRUE                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff's counsel for an award of attorney's fees for services rendered in prosecuting this action pursuant to 42 U.S.C. § 406(b) [DN 34, DN 43] and on a motion by Plaintiff to compel ruling and furnish the Notices of Award [DN 44]. This matter was referred to United States Magistrate Judge W. David King pursuant to 28 U.S.C. § 636(b)(1)(B), who issued a Report and Recommendation. Objections have been filed, and this matter is now ripe for decision.

## I. BACKGROUND

On March 7, 2008, Senior Judge Edward Johnstone entered judgment remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. [DN 24].[1] On March 4, 2009, the Administrative Law Judge issued a "Notice of Decision Fully Favorable" with disability beginning on December 5, 2001. On May 6, 2009, a Notice of Award was issued for the payment of benefits to Petitioner. However, the Notice of Award did not include payment for benefits for all of the months benefits were due to be paid. As a result, Plaintiff sought reconsideration of the Notice of Award. A corrected notice was issued dated July 29, 2009.

---

[1]The background of the Plaintiff's social security claim has been addressed in detail by the Magistrate in the Report and Recommendation and need not be repeated.

Auxiliary Notices of Awards were issued for Plaintiff's children on July 4, 2009, for Stephen Robertson; July 13, 2009, for Emily A. Robertson; and on September 9, 2009, for Christopher Robertson. The Auxiliary Notices suffered from the same error as Plaintiff's original Notice of Award. On September 30, 2009, Plaintiff sought reconsideration of the Auxiliary Notices of Award for Plaintiff's dependent children. As of the filing of the Report and Recommendation and the Objections in this matter, corrected Auxiliary Notices of Award have not been issued by the Social Security Administration.

On November 29, 2010, counsel for Plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). This matter was referred to the United States Magistrate Judge W. David King pursuant to 28 U.S.C. § 636(b)(1)(B). On March 10, 2011, Judge King ordered Plaintiff's counsel to file an amended motion for attorney's fees which complied with Joint Local Rule 83.11(d). On April 7, 2011, Plaintiff's counsel filed an amended motion for attorney's fees and a motion to compel the Commissioner to rule upon requests for reconsideration of the Auxiliary Notices of Award pending before the Social Security Administration. In response, the Commissioner argued that Plaintiff's counsel is not entitled to attorney's fees under 42 U.S.C. § 406(b) because the motion was not filed within thirty days of a final favorable decision. In the alternative, the Commissioner argued that should the Court choose to grant Plaintiff's counsel's amended motion for award of attorney's fees, the Court should stay the proceedings regarding payment until the Social Security Administration completes calculation of Plaintiff's past-due benefits.

On June 16, 2011, Magistrate Judge King submitted his Report and Recommendation recommending that the Court (1) find that for purposes of this case and all future cases involving 42 U.S.C. § 406(b) fee requests, the "final favorable decision" language contained in the Joint Local

Rule 83.11(d) refers to the date on which plaintiff's counsel receives all Notices of Award which contain the accurate and final calculation of past due benefits to the primary and, if applicable, auxiliary beneficiaries; (2) deny without prejudice the current motion for attorney's fees as amended; (3) order the Commissioner to file a status report within 30 days of this order and every 60 days thereafter advising the court of the status of the auxiliary benefits pending before the Social Security Administration, until all Notices of Award have been provided to Plaintiff's counsel; (4) deny the Plaintiff's motion to compel ruling and furnish notices for lack of subject matter jurisdiction; and (5) provide that the Plaintiff's counsel may refile her petition for a § 406(b) fee within 30 days of her receipt of the "final favorable decision" of the Commissioner.

The Commissioner filed objections to the Magistrate Judge's Report and Recommendation objecting to Recommendations 1, 3, and 5. Specifically, the Commissioner objects to the Magistrate Judge's Recommendations 1 and 5 that the thirty (30) day time period in Joint Local Rule 83.11(d) should begin to run on the date of Plaintiff's counsel's <u>receipt</u> of the Commissioner's Notice of Award. Instead, the Commissioner suggests that the Court read the phrase "final favorable decision" to refer to the actual date of the Commissioner's Notice of Award which contains the accurate and final calculation of past due benefits to the primary, and, if applicable, auxiliary beneficiaries. The Commissioner also objects to Recommendation 3 that the Court order status updates regarding Plaintiff's auxiliary benefits. The Commissioner states that recalculations of those benefits were completed in March 2011.

## II. DISCUSSION

### A. Recommendations 1, 2, and 5

The Magistrate Judge recommends that for purposes of this case and all future cases

3

involving 42 U.S.C. § 406(b), the Court interpret the "final favorable decision" language contained in LR 83.11(d) to mean "the date on which plaintiff's counsel receives all Notices of Award which contain the accurate and final calculation of past due benefits to the primary and, if applicable, auxiliary beneficiaries." Additionally, given his interpretation of LR 83.11(d), the Magistrate Judge recommends that the Court deny without prejudice the Motion for Attorney's Fees filed by Plaintiff's counsel as premature.

### 1. 42 U.S.C. § 406(b)

Title 42 U.S.C. § 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) does not contain any explicit time limit for requesting fees. There exists a split of authority among the circuits on what filing deadline under the Federal Rules of Civil Procedure governs a petition for attorney's fees under § 406(b) of the Social Security Act when a case is remanded under sentence four of Section 405(g) for a determination of benefits. See Walker v. Astrue, 593 F.3d 274, 276 (3d Cir. 2010). The Third, Fifth, and Eleventh Circuits have held that Fed. R. Civ. P. 54(d)(2)'s 14-day filing deadline applies to a § 406(b) attorney's fee claim, while the Tenth Circuit has held that the "reasonable time" standard under Rule 60(b) applies. See id.; Pierce v. Barnhart, 440 F.3d 657 (5th Cir. 2006); Bergen v. Commissioner of Social Sec., 454 F.3d 1273 (11th Cir. 2006); McGraw v. Barnhart, 450 F.3d 493 (10th Cir. 2006).

## 2. Application for Attorney's Fees under Joint Local Rule of Civil Practice 83.11

In an effort to clarify the time period for filing an attorney's fee petition under § 406, the United States District Courts for the Eastern District and Western District of Kentucky promulgated LR 83.11(d) which provides as follows:

> **Attorney's Fees Petitions Under Social Security Act.** Plaintiff's counsel may petition for attorneys's fees, awardable under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), within thirty (30) days of a final favorable decision for plaintiff.
> (1) **Petition.** The attorneys's fee petition must include an itemization of the services provided in both the administrative and the judicial proceedings. Plaintiff's counsel must serve a copy of the fee petition on the claimant and the United States Attorney.
> (2) **Response by the Claimant.** The United States Attorney must respond to the attorneys's fee petition within thirty (30) days of the petition's filing. The government's response must include a statement of accrued benefits and must advise the Court whether the government considers the fee to be reasonable. The government must serve a copy of the response on the claimant and the petitioning attorney. The claimant may respond to the attorney's fee petition within thirty (30) days of the petition's filing.

LR 83.11(d)(1),(2).

## 3. Final Favorable Decision

The current issue before the Court is the interpretation of "final favorable decision" in LR 83.11(d) and whether Plaintiff's application for attorney's fees is timely. In his Report and Recommendation, the Magistrate Judge recommends that for purposes of this case and all future cases involving 42 U.S.C. § 406(b), the Court should interpret the "final favorable decision" language contained in LR 83.11(d) to mean "the date on which plaintiff's counsel receives all Notices of Award which contain the accurate and final calculation of past due benefits to the primary and, if applicable, auxiliary beneficiaries." The Court disagrees.

An examination of the language of LR 83.11(d) reflects that, in the context of this case, "final favorable decision" refers to the date on which the Notice of Favorable Decision became

final. The Notice of Decision Fully Favorable specifically states that "[i]f you do not file written exceptions and the Appeals Council does not act on its own motion, the decision of the Administrative Law Judge will become the final decision of the Commissioner after remand on the 61st day after the date of this notice." (March 4, 2009, Notice of Decision Fully Favorable at 2). In fact, courts have utilized the phrase "final favorable decision" to refer to the Commissioner or Appeals Counsel's determination of disability. See, e.g., Richards v. Commissioner of Social Security, 2009 WL 3199702, * 1 (E.D. Mich. September 29, 2009).[2] Furthermore, if it were the intent of the local rule to utilize the receipt of the Notice of Award by counsel as the date on which the 30-day time period begins to run, the rule would have been drafted in that fashion.

Both Plaintiff and the Magistrate suggest that the difficulty of requiring counsel's fee petition to be filed within 30 days of a final Notice of Favorable Decision is that there has not been a calculation of past-due benefits necessary for calculating the statute's maximum fee award of 25 percent. This concern is addressed by LR 83.11(d). LR 83.11(d) places upon the United States Attorney the responsibility to submit to the Court the Notice of Award in a particular case. After a fee petition is filed by Plaintiff's counsel, the United States Attorney must respond within thirty days including "a statement of accrued benefits" and its position on whether the requested fee is

---

[2] For example, in Richards v. Commissioner of Social Security, 2009 WL 3199702, * 1 (E.D. Mich. September 29, 2009), the district court referred to the "favorable final decision" of the Commissioner of Social Security as the decision in which the Commissioner determines that a claimant is disabled. See also Graves v. Astrue, 2011 WL 1838688, *1 (E.D. Ky. May 13, 2011)(referring to the Appeals Council's adoption of the final decision of the Commissioner as a"partially favorable final decision"); Gray v. Astrue, 2009 WL 1228632, *1 (N.D. Ind. May 1, 2009)(partially-favorable final decision of Appeals Council); Young v. Sullivan, 972 F.2d 830, 833 (7th Cir. 1992)("The Appeals Council did not review the ALJ's favorable decision, which became the final decision of the Secretary after 60 days.").

reasonable. If the United States Attorney has yet to receive all applicable Notices of Award from the Commissioner, the United States Attorney will have to notify the Court of the delay and request a stay of the proceeding pending receipt of the Notices of Award.

For these reasons, the Court declines to adopt the Magistrate Judge's Recommendations 1, 2, and 5.

### 4. Timeliness of Counsel's Motion for Attorney's Fees

On March 4, 2009, the Administrative Law Judge issued a "Notice of Decision Fully Favorable." Since Plaintiff did not file written exceptions to the decision and since the Appeals Council did not act on its own motion, the decision of the Administrative Law Judge became the final decision of the Commissioner after remand on the 61st day after the date of the Notice of Decision Fully Favorable. (March 4, 2009, Notice of Decision Fully Favorable at 2.) Pursuant to LR 83.11(d), Plaintiff's counsel was required to file any motions for attorney's fees awardable under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), within thirty (30) days of this final favorable decision. Thus, the petition for attorney's fees in the present case was required to be filed on or before June 2, 2009. Plaintiff's counsel filed the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) on November 29, 2010. Therefore, counsel's petition for attorney's fees is untimely.

However, considering the current status of this case and the confusion surrounding the Auxiliary Notices of Award, the Court, in its discretion, excuses the untimeliness of the fee petition and deems the petition as timely filed. The Commissioner cannot demonstrate any prejudice from an extension of the fee petition deadline in the present case. The Commissioner failed to object to the Magistrate Judge's recommendation that the fee petition should not be dismissed as untimely. Additionally, even if counsel had timely filed the fee petition, the United States Attorney would still

be unable to respond to the fee petition request absent a decision by the Commissioner regarding the Auxiliary Notices of Award.

### B. Recommendation 3

The Magistrate Judge recommends that the Court order status updates regarding Plaintiff's auxiliary benefits. The Commissioner now objects stating that recalculation of the benefits were completed in March of 2011. The Commissioner represents that he contacted the Agency's office responsible for payment of court-ordered attorney's fees, and according to that office, recalculations in Plaintiff's case were completed in March 2011 when Plaintiff's second child ceased to qualify for auxiliary benefits. Commissioner represents that no further recalculations are pending in this matter.

Contrary to the Commissioner's representation, the record appears to lack the Auxiliary Notices of Award necessary to calculate the fee award. Specifically, the record reflects that there is a pending request for reconsideration of the **start** date of the auxiliary benefits for all three of Plaintiff's children. After a correction of the initial Notice of Award, the Social Security Administration calculated past-due benefits for Nancy Robertson from May 2002. However, under the Auxiliary Notices of Award contained in the record, the Social Security Administration continues to calculate the past-due benefits for Robertson's children from September 2002. [DN 52] The Commissioner failed to tender any evidence reflecting that the start date of the auxiliary benefits for all three children has been reconsidered as requested by Plaintiff's counsel by letter dated September 30, 2009. [DN 55]

Having deemed the fee petition as timely filed, and in an effort to restore this case to the time frame outlined by LR 83.11(d), the Court declines to order a status report and instead orders the

8

United States Attorney to respond to the fee petition within 30 days from the entry of this Order including "a statement of accrued benefits" and its position on whether the requested fee is reasonable. If United States Attorney is unable to file a complete response within this time period, the United States Attorney may seek an extension of time with the Court.

### III. CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's report and recommendation on the motion by Plaintiff's counsel for an award of attorney's fees for services rendered in prosecuting this action pursuant to 42 U.S.C. § 406(b) [DN 34, DN 43] and on a motion by Plaintiff to compel ruling and furnish the Notices of Award [DN 44], in light of the objections filed by the Commissioner, the Court adopts the Magistrate Judge's Recommendation 4. For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. Pursuant to LR 83.11(d)(2), the United States Attorney shall respond to the fee petition [DN 34, DN 43] within 30 days from the entry of this Order including "a statement of accrued benefits" and its position on whether the requested fee is reasonable.

2. The Plaintiff's Motion to Compel Ruling and Furnish Notices [DN 44] is **DENIED** without prejudice.

cc: counsel of record
    United States Magistrate W. David King